UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MICHAEL SCOTT CROSBY (#535781)

VERSUS                                                      CIVIL ACTION

BURL N. CAIN, ET AL                                         NUMBER 10-9-RET-DLD

**NOTICE**

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in Baton Rouge, Louisiana, on March 23, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MICHAEL SCOTT CROSBY (#535781)

VERSUS                                          CIVIL ACTION

BURL N. CAIN, ET AL                             NUMBER 10-9-RET-DLD


MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Legal Programs Director Trish Foster and Lendi Ramsey.  Plaintiff alleged that he did not receive a timely response to an administrative grievance and he was issued an unfair disciplinary report in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful,

fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes.  *Id.*; *Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992).  Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that on August 5, 2008, he filed an Administrative Remedy Procedure (ARP) complaining that his mail was mishandled.  The administrative grievance was accepted into the two step procedure under ARP number LSP-2008-2645.  Plaintiff alleged that after receiving a First Step response, he proceeded to the second step of the procedure.  Plaintiff alleged that he did not receive a Second Step Response within 45 days, the time permitted under the ARP rules.  Plaintiff alleged that on November 2, 2009, a second administrative grievance he submitted was accepted into the procedure and was assigned the ARP number LSP-2008-2839 by Foster.  Plaintiff alleged that on December 16, 2009, he was presented with a envelope which he believed contained a notice that his second administrative grievance had been accepted, but when he opened the envelope he discovered that it contained the Second Step Response to ARP LSP-2008-2645 which had been signed by Ramsey.  Plaintiff alleged that he refused to sign the ARP envelope indicating receipt of the ARP response, but did return the envelope to the correctional officer.  Plaintiff alleged that on December 21, 2009, a correctional officer once again presented the envelope to him for his signature.  When the plaintiff refused to sign the envelope, he was issued a disciplinary report charging him with aggravated disobedience.  Plaintiff alleged that he was found guilty of the disciplinary charges and was sentenced to the most strict housing unit at the penitentiary.

2

Plaintiff alleged that the failure to timely respond to ARP LSP-2008-2645 at the Second Step violated his constitutional rights.  Specifically, the plaintiff alleged that the failure to respond to his administrative grievance timely interfered with his access to the courts.

The Administrative Remedy Procedure does not itself establish any federal right. It is a mechanism for resolving disputes at the institutional level.

A substantive right of access to the courts has long been recognized.  *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494 (1977).  Access to the courts is protected by the First Amendment right to petition for redress of grievances.  *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979).  That right has also been found in the Fourteenth Amendment guarantees of procedural and substantive due process.  *Ryland v. Shapiro*, 708 F.2d 967, 971-75, (5th Cir. 1983).

In its most obvious and formal manifestation, the right protects one's physical access to the courts.  Thus, for example, prison officials cannot refuse to transmit, or otherwise block, through procedural devices, the transmission of legal documents which prisoners wish to send to the courts.  Nor can they take other actions--such as taking or destroying legal papers--that have a similar effect.  *Crowder v. Sinyard*, 884 F.2d 804 (5th Cir. 1989), *cert. denied*, 496 U.S. 924, 110 S.Ct. 2617 (1990). Some showing of detriment caused by the challenged conduct must be made in order to succeed on a claim alleging a deprivation of the right to meaningful access to the courts.  *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987).

Plaintiff conceded in his complaint that he filed *Michael Scott Crosby v. Burl N. Cain,* CV 09-1045-JJB-SCR regarding the allegation in ARP LSP-2008-2645.  A review of court

3

record in CV 09-1045-JJB-SCR showed that a magistrate judge's report was submitted to the district judge recommending that the plaintiff's complaint be dismissed as frivolous, not for failure to exhaust administrative remedies.[1]  Any delay in responding to the plaintiff's administrative grievance had no detrimental effect on the plaintiff's access to the courts.

Plaintiff alleged that he received an unfair disciplinary report.

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing.  *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). Plaintiff's claim regarding the issuance of a false disciplinary report asserts neither a sufficient liberty interest nor a significant due process concern.  *Collins v. King*, 743 F.2d 248 (5th Cir. 1984); *see also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

Plaintiff named Warden Cain but failed to allege any allegations against him.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  Plaintiff's allegation that Warden Cain is responsible for the actions of his subordinates is insufficient to state a claim under § 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] A court may take judicial notice of the record in prior related proceedings. *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206 (5th Cir. 1983).

RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Signed in Baton Rouge, Louisiana, on March 23, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**